**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 01 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| WALTER OSWALDO VALDEZ-LARA, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-73040 <br><br> Agency No. A072-903-296 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015**

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Walter Oswaldo Valdez-Lara, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying his application for

withholding of removal and relief under the Convention Against Torture ("CAT").

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

Valdez-Lara does not challenge the BIA's finding that he waived any challenge to the IJ's denial of his withholding of removal claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996). To the extent Valdez-Lara's opening brief challenges the denial of withholding of removal, we lack jurisdiction to consider those contentions. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). In addition, Valdez-Lara did not apply for asylum or cancellation of removal, so we lack jurisdiction to review any contentions in the opening brief regarding eligibility for these forms of relief. *See id*.

Substantial evidence supports the BIA's finding that Valdez-Lara was not credible due to inconsistencies between his testimony and his asylum application. *See Shrestha*, 590 F.3d at 1048 (agency's adverse credibility finding reasonable under the totality of the circumstances). Because Valdez-Lara's CAT claim is based on the testimony that the BIA found not credible, and the record does not otherwise compel the conclusion that it is more likely than not he will be tortured

by or with the consent or acquiescence of the government of El Salvador, his CAT claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2013) (evidence that government has been ineffective in preventing or investigating criminal activities does not establish that public officials are likely to acquiesce in torture).

Valdez-Lara sought to be returned to El Salvador after filing this petition for review, and his opening brief indicates that he has been removed. Accordingly, Valdez-Lara's request for a stay of removal, included in the opening brief, is denied as moot.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**